UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SIMPLY FIT OF NORTH AMERICA, INC.,

                    Plaintiff,

                                                **ORDER**
      -against-                                    CV 07-5402 (ADS)(ARL)

CORT L. POYNER, et al.,

                    Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the defendants' letter application dated April 2, 2008, seeking to quash a subpoena duces tecum served on the defendant Robert Cox in Florida. The plaintiff opposes the application by letter dated April 3, 2008. For the reasons set forth below, the application is granted.

      This issue has been addressed by the court in connection with the defendant Cort Poyner who also resides in Florida. By order dated March 7th, the undersigned denied the plaintiff's application which sought an alternative means to serve the defendant Cort Poyner so that his testimony can be taken at the preliminary injunction by video or telephone. The undersigned advised the plaintiff that it would not rule on the issue since it had already been addressed by Judge Spatt, who stated:

> I can't direct him to be here. In order for you to get him here, you
> have to subpoena him, and I suppose that that subpoena is not too
> valuable in Florida. It's a 100-mile range, I think.

Nonetheless, the undersigned warned Mr. Poyner that he would be bound by the determination of the court whether or not he appeared. After the court issued its order, the undersigned received a reply from the plaintiff which addressed Judge Spatt's determination regarding the subpoena of Mr. Poyner. The court again advised the plaintiff that its argument should have been made to Judge Spatt, not the undersigned.

      Despite these rulings, the plaintiff has now subpoenaed the defendant Robert Cox who similarly resides in Florida. As Judge Spatt previously ruled, this subpoena is outside the subpoena power of the District Court for the Eastern District of New York. *See Jaynes v. Jaynes,* 496 F.2d 9 (2d Cir. 1974). Accordingly, the defendants' motion to quash is granted. Mr. Cox is also advised that he will be bound by the determination of the court whether or not he appears.

Dated: Central Islip, New York                 **SO ORDERED:**
      April 8, 2008                                                 _____/s/_____
                                                                  ARLENE R. LINDSAY
                                                                  United States Magistrate Judge